**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-0480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

JOSEPH P. NACCHIO,
ROBERT S. WOODRUFF,
ROBIN R. SZELIGA,
AFSHIN MOHEBBI,
JAMES J. KOZLOWSKI,
FRANK T. NOYES,

                Defendants.

**DISCOVERY PLAN ORDER**

At the July 27, 2005 hearing and in the Memorandum Order Regarding Motion to Intervene and to Stay Proceedings, dated July 28, 2005 (Document No. 117), the Court directed the parties to submit joint or separate plans addressing the manner in which the parties believe discovery can go forward at this stage on a limited basis, in light of the intervention and motion for a stay of discovery by the Department of Justice (the "DOJ"). Accordingly, the parties filed the following papers: (1) Proposed Discovery Plan of Defendant James J. Kozlowski for the Next Five Months (Document # 127); (2) Amended Proposed Discovery Plan of Defendant James J. Kozlowski for the Next Five Months (Document # 128); (3) SEC Response to Draft Discovery Plans Submitted by Defendants Kozlowski and Noyes (Document # 129); Proposed Discovery Plan of Defendant Frank T. Noyes (Document # 130); (4) Proposed Discovery Plan Submitted by Plaintiff SEC, Defendants Joseph P. Nacchio, Robert S. Woodruff and Afshin Mohebbi and Intervenor-Party DOJ (Document # 131); and (5) Defendant James J. Kozlowski's

Reply to SEC's Response to [Proposed] Discovery Plans Submitted By Defendants Kozlowski and Noyes (Document # 132). The Court has considered these papers and held a hearing on this matter on September 28, 2005.

Based upon the foregoing, IT IS HEREBY ORDERED and that discovery shall proceed for approximately the next five months as follows:

1.      <u>Qwest Privilege Issues.</u>  As discussed further below, among the discovery in this case are materials subject to claims of attorney-client privilege and attorney work product asserted by Qwest Communications International Inc. ("Qwest") in private civil litigation ("Limited Waiver Material").  Subject to the provisions set forth below, Defendants have agreed to defer seeking access to the Limited Waiver Material at this time, given that the validity of Qwest's privilege claim in the context of the private civil litigation is being litigated there. Defendants' agreement to defer seeking access to the Limited Waiver Material at this time does not limit their right to obtain any and all discoverable information in this lawsuit, including the right to seek the Limited Waiver Material.

2.      <u>Transcripts of the SEC's Investigative Testimony.</u>  Defendants submitted to Plaintiff the Securities and Exchange Commission (the "SEC") and the DOJ a list of transcripts of certain investigative testimony taken by the SEC prior to commencing this action and requested that the SEC produce these transcripts.  The DOJ objected to production of certain of these transcripts.  In addition, Qwest requested the opportunity to review the transcripts of certain witnesses to identify any testimony it maintains is subject to its attorney-client or work-product privileges claims.  Accordingly:

(a) In light of the objection asserted by the DOJ, the SEC shall at this time withhold from production to Defendants the investigative testimony transcripts that DOJ objects to being produced; these transcripts are set forth on **Exhibit A**;

(b) To address Qwest's request that it be permitted to review the testimony of certain witnesses for privilege-determination purposes, the SEC has provided the identified transcripts to Qwest for its review, and Qwest shall use its best efforts to produce these transcripts to Defendants, with any redactions of testimony that Qwest claims to be privileged, by October 14, 2005, or such reasonable time thereafter as the parties may so agree; these transcripts are set forth on **Exhibit B**;

(c) The remaining transcripts on Defendants' list of requested transcripts shall be produced by the SEC no later than the date of this Order; these transcripts are set forth on **Exhibit C**;

(d) No later than January 13, 2006, the DOJ shall submit to the Court and the parties a status report on its investigation and its position with respect to production of the transcripts set forth on **Exhibit A**, advising in particular whether it continues to object to production of any of these transcripts; and

(e) The foregoing does not limit, and is without prejudice to, Defendants' rights to seek production at a later date of the transcripts (or any portions of transcripts) now being withheld based on the DOJ's objection or based on Qwest's privilege review (including Defendants' rights to contest any assertion of privilege by Qwest with respect to testimony contained in any of the transcripts).

3. <u>Exhibits to the SEC's Investigative Testimony.</u>

(a) The SEC has provided to Qwest a set of all the exhibits to the investigative testimony for Qwest's review for privilege-determination purposes. Qwest shall use its best efforts to produce to Defendants by October 14, 2005, or such reasonable time thereafter as the parties may so agree, all exhibits, other than any exhibit or portion of exhibit that Qwest asserts is privileged. If privilege is asserted with respect to a portion of an exhibit, the exhibit shall be produced in redacted form. In the event Qwest asserts privilege with respect to an exhibit (or a portion of an exhibit), it shall produce to the parties a privilege log with sufficient information to set forth the nature and basis for the assertion of privilege and to identify the document, including the type of document, its general subject matter, the date, and its author and recipient; and

(b) The foregoing does not limit, and is without prejudice to, Defendants' rights to seek production at a later date of any exhibits (or portions of exhibits) that are withheld based on Qwest's privilege review (including Defendants' rights to contest any assertion of privilege by Qwest with respect to such exhibits).

4. <u>Discovery Taken in the Qwest Class Action Case.</u> Plaintiff SEC, Defendants Kozlowski and Noyes, and Intervenor-Party DOJ may obtain discovery taken in *In re Qwest Communications International Inc. Securities Litigation*, Civil Action No. 01-CV-1451-REB-CBS ("*In re Qwest*"), subject to an amendment to the Protective Order entered in *In re Qwest* and the entry of a similar protective order in this case. The pertinent parties, including Qwest, shall meet and confer to determine efficient, timely and cost-effect procedures for making the discovery from *In re Qwest* available to the foregoing parties. The Court will, with the entry of this Order, enter the confidentiality order previously submitted by the parties in *In re Qwest*

attached as **Exhibit D,** and the confidentiality order previously submitted by the parties in this case, attached as **Exhibit E**.

     5.     Document Production from the SEC.

The SEC advised that it obtained approximately 13 million pages of documents in the course of its pre-complaint investigation ("SEC Documents"). More specifically, the SEC advised that the SEC Documents include approximately 1200 CDs containing produced documents in electronic format and approximately 300 boxes of documents. The SEC also advised that it maintains electronic databases containing most of the documents on the 1200 CDs. Among the SEC Documents are Limited Waiver Materials. With the exception of those documents it obtained from the DOJ and the Limited Waiver Documents, the SEC shall produce to Defendants the SEC Documents as set forth below. Defendants' rights to request documents obtained by the SEC from the DOJ, and their rights to seek access to any of the Limited Waiver Materials and/or challenge the validity of Qwest's privilege assertions, are expressly reserved.

     (a)     No later than <u>October 14, 2005</u>, the SEC shall furnish to Defendants (i) indices it currently maintains concerning the contents of the boxes of documents and the other materials it has received, and the contents of the CDs containing documents in electronic format; and (ii) the subpoenas and other written requests for documents issued during the course of its investigation pursuant to which it received documents. After having the opportunity to review these indices and subpoenas/written requests, Defendants may meet and confer with the SEC to discuss more detailed information about the indexing, categorization and compilation of the foregoing documents and CDs; the SEC will consider in good faith any such request by Defendants, but it is not required to provide any additional information;

(b) On or about October 14, 2005, or such reasonable time thereafter as the parties may so agree, the SEC shall make available to a representative in Denver designated by Defendants, on a rolling basis, a copy set of the 300 boxes of documents, at the SEC's expense. The parties shall meet and confer to determine efficient, timely and cost-effect procedures for affording access to this material to all Defendants.

(c) On or about October 14, 2005, or such reasonable time thereafter as the parties may so agree, the SEC shall make available on a rolling basis for copying, at Defendants' expense, the 1200 CDs containing documents. The parties shall meet and confer to determine efficient, timely and cost-effect procedures for affording access to and facilitating copying of these CDs to all Defendants. To the extent appropriate, the parties should include Qwest in such a meet and confer process to avoid duplication of already-produced materials and facilitate efficient production to Defendants of this large quantity of material;

(d) Based upon agreement of the parties, the SEC at this juncture shall withhold from production documents that the SEC has obtained in its investigation that remain subject to Qwest's claim of privilege, given that the validity of that privilege claim in the context of private civil litigation is currently being litigated there and the parties anticipate it will be resolved in the near term. Accordingly, the production of those materials otherwise covered by this Order that are subject to Qwest's claim of privilege in the private civil litigation shall be deferred until the sooner of (i) judicial resolution of Qwest's privilege claim, or (ii) Defendants (or any of them) request in writing (with simultaneous written notice to Qwest) that the SEC provide access to the material, and the SEC shall upon receipt of such notice produce the materials within 25 days, or a shorter time as the parties might agree is feasible. Qwest has agreed to, and shall, facilitate

segregation of materials that currently are subject to Qwest's claim of privilege, and the parties shall meet and confer, including with Qwest, to accomplish this process.

(e) The SEC has agreed to make available to a representative of Defendants its computerized document database in the electronic format in which the SEC maintains the database for its own purposes, with the exception of any work product. However, the SEC has advised that this database presently is not operating properly and thus cannot yet be furnished to Defendants. The SEC shall endeavor in good faith to remedy these operational problems so that the database can be furnished to Defendants as soon as these problems are remedied. The SEC agrees to provide a written report to Defendants no later than November 30, 2005, regarding the status of remedying the database problems (including a date when the database is expected to be operational and ready to be furnished to Defendants), and to supplement that report thereafter as Defendants may reasonably request. The SEC represents that it intends to remedy the database problems such that the parties using it will be able reasonably to search for and retrieve specific documentation within the database to the same extent that the SEC can, assuming that Defendants obtain appropriate software. In furnishing the database to Defendants, the SEC shall cooperate with Defendants on technical and logistical issues with respect to transferring the data to Defendants, with the intent being that Defendants shall have access to appropriate documentation concerning this database and document retrieval equivalent to the SEC's capability. The SEC shall not be required to provide any hardware or software or support thereof to Defendants. Any access to the database shall be subject to Qwest's privilege claims and subparagraph 5(d) above, provided, however, that the parties can agree upon a cost effective and efficient way to segregate such materials subject to Qwest's privilege claims. The parties will confer in good faith with Qwest on developing a cost effective and efficient plan for

furnishing the database without the Limited Waiver Materials at this stage; Qwest shall use its best efforts and incur all reasonable costs for accomplishing this segregation process.

    (f)    In the event the SEC receives new or additional documents, it shall promptly produce them to Defendants.

    6.    <u>Rule 26(a) Disclosures.</u>  The parties shall serve initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, no later than January 30, 2006.  The SEC shall provide its disclosures on a defendant-by-defendant basis, and the parties shall further provide disclosures in accordance with the Court's direction at the September 28, 2005 hearing.

    7.    <u>Written Discovery Requests.</u>

    (a)    The parties may serve interrogatories and requests for production of documents starting February 28, 2006; and

    (b)    Each Defendant may serve no more than 50 interrogatories and 30 requests for production of documents.  The SEC may serve no more than 25 interrogatories and 25 requests for production of documents on each Defendant.  These limitations on the total number of interrogatories and requests for production of documents are subject to reconsideration at any time based on a showing of good cause.

    8.    <u>Stay of Discovery.</u>  Other than as set forth in this Discovery Plan Order, discovery is stayed, pending further order of the Court.

    9.    <u>No Waiver With Respect to Other Discovery.</u>  Nothing set forth in this Discovery Plan Order shall be deemed to waive, curtail or restrict any party's rights (a) to seek and obtain discovery not agreed to or provided for under this Order at a later date; or (b) to seek and obtain discovery as may be further ordered by the Court.

10. <u>Discovery Motions.</u> The parties may not file any opposed discovery motions without leave of court. Counsel are instructed that should a discovery dispute arise, they are to comply with Local Rule 7.1A. in an effort to resolve the issues. If that is unsuccessful, counsel shall establish a conference call adding Magistrate Judge Shaffer as the last connection. The Court will hear arguments and attempt to mediate a resolution. The Court will instruct counsel at that time as to whether or not to file a discovery motion.

11. <u>Subsequent Status Conference.</u> The parties shall appear for a status conference on February 22, 2006, at 9:30 a.m.

DATED at Denver, Colorado, this 27th day of October, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge