IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No.  05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION

      Plaintiff,

v.

JOSEPH P. NACCHIO,
ROBERT S. WOODRUFF,
ROBIN R. SZELIGA,
AFSHIN MOHEBBI,
JAMES J. KOZLOWSKI,
FRANK T. NOYES,

      Defendants.

## CONFIDENTIALITY ORDER

Based on an agreement among the parties, and the Court being fully advised, it is hereby

ORDERED

1.  The parties shall be authorized to seek to discover documents, transcripts and other materials that have been designated as "Confidential" pursuant to the March 18, 2004 Stipulation And Protective Order Concerning Discovery entered in In re Qwest Communications International, Inc. Securities Litigation, Civil Action No. l-cv- 1451-REB-CBS, as amended, (hereafter referred to as "Confidential Discovery Material") on the conditions set forth in this Order. The parties understand that all Confidential Discovery Material will be clearly marked as "Confidential," i.e., all documents shall be physically and clearly stamped as "Confidential." Any document that is not stamped "Confidential" is not subject to this Order.

2.  Use of Confidential Discovery Material: Absent further order of this Court, the parties shall use reasonable and good faith efforts to maintain the confidentiality of all such Confidential Discovery Material. Disclosure may be made to the following persons at the discretion of counsel:

   a.  the parties to SEC v. Nacchio;

   b.  the parties' counsel who have entered an appearance in SEC v. Nacchio and their employees, contract workers, assistants, litigation vendors or other support personnel reasonably deemed necessary to assist counsel appearing in SEC v. Nacchio;

   c.  consultants or expert witnesses retained for the prosecution or defense of this litigation, but only to the extent deemed necessary in good faith by counsel for the pursuit or defense of claims in SEC v. Nacchio;

   d.  any authors or recipients of such Confidential Discovery Material, or anyone who counsel for any party believes, in good faith, had access to the Confidential Discovery Material, or who counsel in good faith believes may provide information relating to or about such Confidential Discovery Material;

   e.  the Court, Court personnel, and Court reporters, although the procedures set forth in Paragraph 7 hereto shall be followed before filing any Confidential Discovery Material in SEC v. Nacchio;

   f.  any persons designated to serve as mediators or settlement judges;

   g.  a deposition witness or other witness or person who counsel wishes to interview who reasonably appears to the disclosing party to have information concerning the Confidential Discovery Material, or may provide information

relating to or about such Confidential Discovery Material, but counsel will use good faith efforts to recover all copies and maintain custody over any Confidential Discovery Material shown to such persons. Confidential Discovery Material may be used as deposition exhibits without limitation, provided, however, that such exhibits, and the portions of the depositions discussing such exhibits, shall be treated as Confidential Discovery Material in accordance with the terms of this Order.

3. Responsibility for Compliance: The party's counsel who discloses Confidential Discovery Material shall be responsible for apprising persons to whom such Confidential Discovery Material is disclosed of this Order and shall take reasonable good faith efforts to assure compliance with this Order.

4. Notice of Intended Public Use of Confidential Discovery Material In Discovery and Pre-Trial Proceedings: In the event that a party to SEC v. Nacchio wishes to disclose any Confidential Discovery Material as publicly-available exhibits or attachments to any pleading in SEC v. Nacchio, the party wishing to use any such document shall provide written notice 15 business days prior to such disclosure to counsel for Qwest Communications International, Inc. ("Qwest") in the cases captioned, In re Qwest Communications International, Inc. Securities Litigation, identifying each such document. Counsel for Qwest shall notify other parties in that action. The parties to SEC v. Nacchio may provide less than 15 days written notice of their intent to use such material designated as Confidential Discovery Material should they in good faith be unable to provide such written notice 15 business days in advance of intended use of the materials. In such case, the Confidential Discovery Material shall be filed in accordance with Paragraph 7 of this Order until the potentially interested parties have been accorded the time to file a motion in

accordance with Paragraph 5 hereto, should they choose to do so.

    5.    Objection To Public Use of Discovery Material: Any party in In re Qwest Communications International, Inc. Securities Litigation or other person who has received notice who objects to such proposed disclosure shall file a motion with the court in SEC v. Nacchio within 10 business days of receiving such written notice. In the event any such party seeks to file a motion in SEC v. Nacchio, that party shall be deemed to have been allowed to intervene in SEC v. Nacchio for the sole and limited purpose of pursuing the relief sought by the motion, and such limited intervention shall not constitute any acceptance of jurisdiction in SEC v. Nacchio or participation in that case for any other purpose. Should no objection to the public use of such material be filed with the court within 10 business days of receipt of written notice, the parties to SEC v. Nacchio may make full use of any such document without restriction, both during the discovery phase of this case and at trial.

    6.    Trial Exhibits: No fewer than 15 business days prior to the trial of this case, or in accordance with such other schedule specified by the Court, the parties in SEC v. Nacchio shall provide to counsel for Qwest a complete list of exhibits that each party expects to use in its case-in-chief in SEC v. Nacchio, identifying each such document. Counsel for Qwest shall notify the other parties in that action. The parties to SEC v. Nacchio may provide less than 15 days written notice of their intent to use such material designated as Confidential Discovery Material should they in good faith be unable to provide such written notice 15 business days in advance of intended use of the materials. Any party in In re Qwest Communications International, Inc. Securities Litigation or other person who has received notice who objects to such proposed disclosure at trial shall file a motion with the court in SEC v. Nacchio within 10 business days of receiving such notice. Should no objection be filed with the court within 10 business days of

receipt of notice, the parties to SEC v. Nacchio may make full use of any such document at trial, without restriction. Nothing in this order prevents parties from at trial, in good faith, using Confidential Discovery Material for impeachment, to refresh recollection, or for any unanticipated purpose, without providing notice of such use. This includes reading aloud from the document in court. In the event that any counsel offers into evidence Confidential Discovery Material as an exhibit at trial for which there has been no prior notice of use to counsel for Qwest, the document shall be filed under seal in accordance with Paragraph 7 of this Order for a period of time sufficient to allow persons to consider and file an objection to the public filing of the documents, should they elect to do so; however, notwithstanding this notice provision, nothing shall prohibit the introduction into evidence of the document at the time it is sought to be used at trial, and nothing shall prevent the publication of the document to the jury or the consideration of the document by the jury. In such case, the party that has filed the document under seal shall give counsel for Qwest prompt written notice, identifying the document and specifying that it has been filed under seal.

7. Filing of Confidential Information in Court: In any case in which a person has filed an objection to public disclosure of Confidential Discovery Material and that objection is still pending at the time of any filing deadline in any pretrial proceeding, such Confidential Discovery Material accompanying any pretrial pleading, motions, or other papers filed with the Court shall be filed under seal in accordance with D. Col. L. Civ. R. 7.2 and 7.3, and be kept under seal until further order of this Court.

8. Challenges to Confidential Designation:

This Order shall be without prejudice to any party's motion for relief from or modification of the provisions of the Stipulation And Protective Order Concerning

> Discovery entered in In re Qwest Communications International, Inc. Securities Litigation, or to any other motion relating to the production, exchange, or use of any document or other information in the course of this action, provided, however, that no such motion shall be made after entry of a final judgment or settlement. Nothing herein shall impose any restriction on the use or disclosure by a party or its agent of its own information, or of information lawfully available to that party, or of information that lawfully came into the possession of the party independent of any disclosure of Confidential Discovery Material.

9. Nothing in this order shall prevent the SEC from complying with its obligations under law concerning disclosure of documents, including, but not limited to, its published Routine Uses of Information in its Forms 1661 and 1662, the Freedom of Information Act and any other statutes or rules applicable to the SEC. Persons who wish to request that documents made available to the SEC not be disclosed pursuant to the Freedom of Information Act [5 U.S.C. 552] ("FOIA") must comply with the procedures set forth in SEC rule 17 CFR 200.83 for requesting that information not be disclosed pursuant to the FOIA. Nothing in this order shall prevent the SEC from making use of any Material designated as Confidential Discovery Material pursuant to the SEC's published Routine Uses of Information as set forth in SEC Forms 1661 and 1662. The SEC will use good faith to provide written notice to any person who has provided any material designated as Confidential Discovery Material 10 business days prior to making any disclosure pursuant to the Freedom of Information Act or in response to any subpoena in any litigation or proceeding provided such persons have fully complied with 17 CFR 200.83 and has also sent copies of any requests pursuant to 17 CFR 200.83 to SEC counsel of record in this action.

10. Duration of Stipulation/Return of Confidential Information: With respect to all

parties other than the SEC, all provisions of this Order shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered by the Court. Upon conclusion of this litigation (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a person in the possession of Confidential Discovery Material shall either (a) return such documents no later than 30 days after conclusion of this action to counsel for the party or non-party who produced such information, or (b) destroy such documents within the time period and certify in writing within 30 days that the documents have been destroyed. The Court shall retain continuing jurisdiction to enforce the terms of this Order after the conclusion of this action.

11.   The SEC has agreed to use good faith to attempt to give 10 days written notice to any person who has fully complied with the provisions concerning written claims for confidential treatment under the Freedom of Information Act pursuant to 17   C. F .R. 200.83, and who has also sent a copy of such request to SEC counsel of record in this action, with respect to any contemplated disclosure of Confidential Discovery

Material designated confidential pursuant to 17 C. P .R. 200.83 with respect to a FOIA request or in response to any subpoena in any litigation or other proceeding.

DATED at Denver, Colorado, this 15th day of November, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge