IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

and

UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF COLORADO,

      Intervenor,

v.

JOSEPH P. NACCHIO,
ROBERT WOODRUFF,
ROBIN SZELIGA,
AFSHIN MOHEBBI,
GREG CASEY,
JAMES KOZLOWSKI, and
FRANK NOYES,

      Defendants.

---

## ORDER REGARDING DISCOVERY

---

Magistrate Judge Craig B. Shaffer

      THIS MATTER came before the court on during a Status Conference on

February 22, 2006, during which time the court made several rulings with respect to

discovery.

      The District Court's Order of Reference, dated April 11, 2005, referred this

action to the Magistrate Judge with instructions to, *inter alia*, "hear and determine

motions relating to discovery" and "hear and determine such other non-dispositive

motions as may be specifically referred." This court held a hearing on February 22, 2006, during which it heard argument from counsel.  The court has carefully considered the arguments presented during the February 22nd hearing, the entire court file, and the applicable case law.  At the conclusion of that hearing, the court issued the following orders with respect to discovery and granted Defendant Nacchio's Oral Motion to stay Rule 26(a)(1) disclosures.

Accordingly,

**IT IS ORDERED as follows:**

1.     That written discovery may proceed as follows:

    a.     That, pursuant to **FED. R. CIV. P. 33** and this court's Order made at the September 28, 2005, hearing, Defendants Kozlowski and Noyes may serve **fifty** Interrogatories on the SEC; the SEC may serve **twenty-five** Interrogatories each on Defendants Kozlowski and Noyes; the SEC may not serve Interrogatories on other Defendants unless those Defendants previously served Interrogatories on the SEC;

    b.     That, pursuant **FED. R. CIV. P. 34** and this court's Order made at the September 28, 2005, hearing, each Defendant– save Defendant Nacchio–  may serve **thirty** Requests for Production on the SEC; the SEC may serve **twenty-five** Requests for Production per Defendant exercising his rights under **FED. R. CIV. P. 34**;

    c.     That the aforementioned numerical limits include any

Interrogatories or Requests for Production propounded on expert witnesses;

d. That no Requests for Admissions may be made at this time;

e. That no depositions may be conducted at this time;

f. That the parties **shall file a Status Report no later that August 31, 2006,** specifically addressing the issue of depositions;

2. That written Responses (including both answers and objections) made to Interrogatories and Requests for Production shall be made pursuant to **FED. R. CIV. P. 33** and **34** and within **thirty days** of being served; if additional time is required, the parties shall comply with **D.C.COLO.LCivR 6.1**;

3. That Defendant Nacchio's Oral Motion to Stay **FED. R. CIV. P. 26(a)(1)** disclosures **IS GRANTED,** and the stay of **FED. R. CIV. P. 26(a)(1)** disclosures is in effect until the conclusion of the criminal proceedings or as otherwise directed by the court.

DATED this 28th day of February, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge