UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,
and

UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF COLORADO,
    Intervenor,
v.

JOSEPH P. NACCHIO, et al.,
    Defendants.

---

## ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Jonathan Lee Riches' "Motion for Reconsideration & Clarification Motion to Intervene as Plaintiff under Fed. R. Civ. P. 24(A)2, 24(B) Motion to Amend Complaint [sic]" (filed July 29, 2008) (doc. # 451). Pursuant to the Order of Reference dated April 11, 2005 (doc. # 27) and the memorandum dated August 5, 2008 (doc. # 457), this matter was referred to the Magistrate Judge. The court has reviewed the motion and the entire case file and is sufficiently advised in the premises.

Jonathan Lee Riches is incarcerated and serving a 125-month sentence at the Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina. (*See* doc. # 451). Mr. Riches seeks to intervene in this civil action and "amend the complaint." (*See* doc. # 451). Mr. Riches contends that "Joseph P. Nacchio and Quest [sic] aided

and abetted in my credit card fraud and identity theft.  In 2002, I set up dummy phone line accounts, RCF's (Remote call forwarding) and PBX's all through Quest [sic] to call forward phone lines to me so I can fraudulently pick up Western Union money transfers, this is in my indictment, case # H-03-90 [sic].  I have information and documents to present."  (*See* doc. # 451).

Intervention is the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment.  *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998).  Fed. R. Civ. P. 24 contemplates two types of intervention: intervention as of right and permissive intervention.  Rule 24 establishes four criteria for intervention as of right: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action.  A potential intervener's interest must be a "direct, significant, legally protectable one . . . *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 593 (N.D. Ill. 1998) (internal quotation marks and citation omitted).  "In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995).

Permissive intervention requires a petitioner to show: (1) timely application; and (2) a claim or defense that shares a common question of law or fact with the main action.  Fed. R. Civ. P. 24(b).  "The decision to grant or deny a motion for permissive intervention is wholly discretionary" with the district court.  *South Dakota ex rel Barnett*

*v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

This civil action brought by the SEC alleges a fraudulent scheme to materially misrepresent Qwest's revenue and growth to the investing public, in violation of federal securities laws. (*See* Corrected Second Amended Complaint (doc. # 432)). For purposes of intervention as of right, Mr. Riches has not established that he would be entitled to relief under any set of facts which could be proved under the claims in this civil action. Mr. Riches provides no information about the scope of his "information and documents." Mr. Riches has not described any monetary, property, or other interest he has in this action. Mr. Riches has not demonstrated that he has an interest that cannot be adequately protected by the Securities and Exchange Commission in prosecuting this civil action.

For purposes of permissive intervention, Mr. Riches has not raised any claim or defense that shares a common question of law or fact with this civil action. Nor is Mr. Riches' request to intervene timely made. The lawsuit was commenced in 2005 and substantial discovery has been conducted. Mr. Riches' intervention in order to move to amend the pleadings would unduly delay and prejudice the adjudication of the original parties' rights.

Accordingly, IT IS ORDERED that Mr. Riches' "Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. 24(A)2, 24(B), Motion to Amend Complaint [sic]" (filed July 29, 2008) (doc. # 451) is DENIED.

DATED at Denver, Colorado this 6th day of August, 2008.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge