IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH P. NACCHIO,
ROBERT S. WOODRUFF,
AFSHIN MOHEBBI,
JAMES J. KOZLOWSKI, and
FRANK T. NOYES,

    Defendants.

---

## OPINION AND ORDER DENYING MOTION TO SEVER

---

**THIS MATTER** comes before the Court pursuant to Defendant Noyes and Kozlowski's Motion to Sever **(# 309)**, the Plaintiff's response **(# 320)**, and Defendants Noyes and Kozlowski's reply **(# 324)**.

On July 14, 2008, after the instant motion was fully briefed, the Plaintiff was granted leave to file a Second Amended Complaint **(# 432)**. As the operative pleading in this action, the Court analyzes the instant motion in light of the claims presented in the Second Amended Complaint.

Greatly summarized, the Second Amended Complaint alleges that from 1999 to 2002, the Defendants participated in a number of fraudulent acts designed to conceal the true financial condition of Qwest Communications International, Inc. ("Qwest"). The bulk of the allegations

1

relate to Qwest's "one-time" sales of "IRUs" – that is, selling access to Qwest's fiber-optic network – being reported by the company as "recurring" revenue, thereby inflating the apparent economic health of Qwest. The Second Amended Complaint does not allege that Defendants Noyes and Kozlowski participated in the decisions regarding the sales of IRUs, but that, as Qwest accountants, they "failed to ensure that revenue from [these] transactions was properly recorded in Qwest's financial statements, causing the company to improperly report revenue." *Docket* # 432, ¶ 6. The Second Amended Complaint alleges a variety of securities fraud claims against all Defendants.

In the instant motion **(# 309)**, Defendants Kozlowski and Noyes request that the Court sever the claims against them from the claims against the remaining Defendants, on the grounds that "the claims against these two men are much more narrow" and that "there would be a very real and substantial danger of jury confusion and impermissible spill over of evidence that would be inadmissible in a separate trial."

Fed. R. Civ. P. 42(b) states that "for convenience [or] to avoid prejudice . . . the court may order a separate trial of one or more separate issues [or] claims." The decision of whether to sever is within the "broad discretion" of the Court. *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999). However, the burden is on the movants to overcome the assumption that a single trial lessens delay, expense, and inconvenience to the parties and preserves the Plaintiff's presumptive right to present the case in the manner in which it chooses. *Sensitron, Inc. v. Wallace*, 504 F.Supp.2d 1180, 1186 (D. Utah 2007). In deciding whether to direct separate trials, the Court should be guided by consideration of: (i) judicial economy; (ii)

convenience to the parties and witnesses; (iii) expedition; and (iv) avoidance of prejudice and confusion. *Id.*

Having considered the parties' positions, the Court finds that severance is not required on the grounds asserted herein. Defendants Noyes and Kozlowski do not contend that interests of judicial economy, convenience, and expedition warrant severance; they focus only on a contention that trying the claims against all Defendants jointly will result in prejudice to them. The Court finds this argument unpersuasive. Although it is largely undisputed that the claims against Defendants Noyes and Kozlowski focus on a different set of actions and a different level of involvement in the Defendants' scheme, the Court sees little risk of prejudice or "spillover" that will result from trying all claims in a single trial.[1] This Court has conducted many trials, both civil and criminal, where co-defendants had differing levels of involvement in the acts at issue, and the Court has observed that a combination of limiting instructions to the jury during trial and carefully-crafted charging instructions and verdict forms have been sufficient to ameliorate the risk of jury confusion or prejudicial spillover.

Defendants Noyes and Kozlowski argue that limiting instructions – which they expect to be requesting "constant[ly]" – will be ineffectual. With a single exception discussed below, they do not point to any particular item of evidence or line of questioning they contend would be so inherently inflammatory that no limiting instruction could quench it; rather, they simply assume that the jury will ignore or be unable to comply with any limiting instruction. This Court does not share that belief, nor does it anticipate that requests for limiting instructions will be

---

[1] Indeed, an argument can be made that, strategically, it is to Defendants Noyes and Kozlowski's beneift to be tried alongside Defendants whose alleged wrongdoing is far more extensive.

disruptive to the trial process. Indeed, if Defendants Noyes and Kozlowski are correct in their assessment of the case, few limiting instructions will be required at all; rather, a single question of most witnesses on cross-examination will adequately establish that neither Defendant Noyes nor Defendant Kozlowski had any involvement whatsoever in most of the events at issue.

Defendants Noyes and Kozlowski argue that the criminal convictions of Defendant Nacchio (and former Defendant Szeliga) for insider trading create a prejudice that cannot be cured by a limiting instruction. *Citing S.E.C. v. Pignatiello*, 1998 U.S. Dist. LEXIS 8297, 1998 WL 293988 (S.D.N.Y. June 5, 1998) (unpublished). In *Pignatiello*, the S.E.C. brought stock fraud charges against Pignatiello, who was alleged to have engaged in fraudulent conduct with regard to two separate corporate entities, as well as against certain individuals involved in each corporate entity. Finding that the schemes involving each corporate entity were factually unrelated, connected only by the involvement of certain individuals common to both schemes, the court bifurcated the case. In finding that a single trial would prejudice the movants – who were involved in only one of the two schemes – the court observed that the scheme involving the other corporate entity had resulted in criminal indictments and at least one guilty plea. Without explaining its reasoning further, the court simply found that the criminal indictment and plea involving the other scheme "prejudices [the movants] who have no connection to the [other] scheme and are not the subject of that criminal indictment."

This Court finds *Pignatiello* unpersuasive in the present context. It does not purport to establish a general rule that prejudice necessarily results when some defendants in a case are the subject of criminal indictment or conviction for certain activities while others are not. Rather, it is a finding premised upon the particular facts of the case – facts which are not readily

4

comparable to the facts presented here – and does not reflect the court's reasoning as to why that prejudice could not be avoided. In this case, the allegations of insider trading against Defendant Nacchio are largely collateral to the major factual issues of this case and to the extent they are relevant at all, they can be addressed in a way that avoids any possibility that the jury will confuse the issue or mistakenly attribute that same conduct to Defendants Noyes or Kozlowski.[2] Accordingly, the Court finds that Defendants Noyes and Kozlowski have not carried their burden of showing that they will be subject to significant prejudice if severance is not granted.

Moreover, the Court finds that concerns of judicial economy and convenience weigh significantly against a severance. Defendants Noyes and Kozlowski are correct that the Plaintiff does not allege that they participated in decisionmaking regarding the sales of IRUs and that their alleged wrongdoing only arose from how those IRU sales were accounted for. But even in a severed trial, a significant amount of evidence regarding the purpose and implementation of the IRU sales would be necessary to provide a sufficient factual background to explain the significance and correctness of Defendants Noyes and Kozlowski's accounting decisions. This is not a case in which the claims against Defendant Noyes and Kozlowski are connected only tangentially to the claims against the remaining Defendants. Thus, a separate trial of the claims against them would require significant duplication of a fairly large body of evidence. Such duplication is inconvenient to the Court, which must allot time for two lengthy and largely overlapping trials in an already heavily-congested calendar; and to the witnesses, who will be

---

[2]Indeed, in this respect, Defendants Noyes and Kozlowski push their argument too far. If the criminal conviction of Defendant Nacchio is so inherently prejudicial that severance of the claims against him from any claims asserted against un-indicted Defendants is required, the severed action would encompass not only Defendants Noyes and Kozlowski, but also Defendants Woodruff and Mohebbi, who similarly are not the subject of criminal charges.

required to appear for trial multiple times to repeat largely identical testimony. When weighed against the minimal risk of prejudice resulting from a joint trial, the Court finds that the inconvenience and inefficiency of conducting two trials warrants denial of the motion to sever.

Accordingly, Defendants Noyes and Kozlowski's Motion to Sever **(# 309)** is **DENIED**.

Dated this 5th day of September, 2008

**BY THE COURT:**

*(signature)*
_____

Marcia S. Krieger
United States District Judge