IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,
v.

JOSEPH P. NACCHIO,
ROBERT WOODRUFF,
AFSHIN MOHEBBI,
JAMES KOZLOWSKI, and
FRANK NOYES,
    Defendants.

---

## ORDER ADDRESSING EXPERT DISCOVERY

---

Magistrate Judge Craig B. Shaffer

    This Order is entered to address procedures that will govern the expert discovery phase of this litigation. By Order of Reference (doc. #27), dated April 11, 2005, this matter was referred to the Magistrate Judge to, *inter alia*, "enter a Scheduling Order meeting the requirements of D.C.COLO.LCivR 16.2; and hear and determine any motions seeking amendment or modification of the Scheduling Order." Pursuant to that authority, this court conducted a Fed.R.Civ.P. 16 scheduling conference on June 27, 2007. My objective was to establish case management procedures that would permit the parties to conduct reasonable and appropriate discovery in an orderly and cost-effective manner. The court set a deadline of September 15, 2008 for completing all fact discovery and a dispositive motion deadline of January 9, 2009.[1]

---

[1] On August 4, 2008, the court extended the fact discovery deadline to December 8, 2008 and the dispositive motion deadline to March 6, 2009.

The Scheduling Order entered by the court (doc. # 303) also limited each party to three expert witnesses, absent a showing of good cause, and specifically addressed the timing of expert disclosures.

> The parties shall designate all affirmative experts and provide required disclosures on or before October 15, 2008. By separate Order, the court will provide further instructions regarding the protocol for expert disclosures in this case. No expert may be deposed in this case without leave of court. Under no circumstances may the parties depose any expert prior to January 9, 2009.
>
> The parties shall designate all rebuttal experts and provide required disclosures on or before December 1, 2008. By separate Order, the court will provide further instructions regarding the protocol for expert disclosures in this case. No expert may be deposed in this case without leave of court. Under no circumstances may the parties depose any expert prior to January 9, 2009.
>
> Any motion to exclude opinion testimony by an expert pursuant to Fed. R. Evid. 702 must be filed in on or before January 9, 2009. The parties are reminded that Rule 702 motions must fully comply with the procedures established by United States District Judge Marcia S. Krieger.

By Minute Order (doc. # 455), filed on August 4, 2008, this court extended the deadlines for designating affirmative and rebuttal experts to January 5, 2009 and February 6, 2009, respectively. The court also directed the parties to file Rule 702 motions on or before March 6, 2009. I am issuing this Order to more fully set forth the parties' expert disclosure obligations and address the timing of expert depositions.

As a general matter, Rule 26(a) disclosures are designed to accelerate the exchange of basic information, to "help focus the discovery that is needed, and facilitate preparation for trial or settlement." *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a). The disclosures required by Rule 26(a) should provide the parties "with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement." *Windom v. FM Industries, Inc.*, 2003 WL 21939033, *2 (D. Neb. 2003) (quoting *Rolscreen Co.*

*v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992)).

Rule 26(a)(2)(B) provides that, "unless otherwise ordered by the court," a retained expert must provide a written report that contains:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of publications authored in the previous ten years;
(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

*See* Fed.R.Civ.P. 26(a)(2)(B).

A retained expert is expected to "work diligently to amass the factual data necessary for his expert analysis" and

> having done that, will prepare and submit a timely and comprehensive report complying fully with the requirements of Rule 26(a)(2)(B). With that report in hand, and on the basis of the justifiable assumption that the report as submitted may be relied upon as a definitive disclosure of the testimony (including the opinions and bases therefor) of the expert, the opposing party will be in a position . . . to determine whether to "arrange for expert testimony from other witnesses . . . ."

*Dixie Steel Erectors, Inv. v. Grove U.S., LLC*, 2005 WL 3558663, *9 (W.D. Ok. 2005). *See also Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998) ("expert reports are to be a detailed and complete statement of the testimony of the expert on direct examination"); *Cohlmia v. Ardent Health Services, LLC*, 2008 WL 3992148, *2 (N.D. Okl. 2008) (the expert must prepare a "detailed and complete written report stating the testimony the witness is expected to present during direct examination, *together with the reasons therefor*"); *Chappel v. SBC -Ameritech*, 2007 WL 2076028, *1 (N.D. Ill. 2007) (expert reports "must be 'detailed and

3

complete' so that 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial'"); *Sharpe v. United States of America*, 230 F.R.D. 452, 458 (E.D. Va. 2005) (noting that an "expert's report must be 'detailed and complete' in order to 'avoid the disclosure of sketchy and vague expert information'"); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 2005 WL 4684238, at *7 (S.D.N.Y. 2005) (an expert's report must contain the "essential details needed to understand and assess" the expert's conclusions). The written report should explain "how" and "why" the expert reached the opinions he or she intends to offer at trial. *See Hilt v. F.F.C. Inc.,* 170 F.R.D. 182, 185 (D Kan. 1997) ("The report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them."); *Reed v. Binder*, 165 F.R.D. 424, 428 n. 6 (D. N.J. 1996) (an expert report should indicate "'what' the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed"). A challenge to the sufficiency of an expert report is brought under Fed. R. Civ. P. 37(a)(4)[2] and 37(c)(1), and an expert deposition is not a pre-condition for seeking relief under those provisions.

The parties to this action are reminded that Rule 26(a)(2)(B) does not contemplate the submission of a "preliminary" expert report. *Cf. In re TMI Litigation Cases Consolidated II*, 922 F. Supp. 997, 1005 n. 9 (M.D. Pa. 1996) (suggesting that a "preliminary report" exposes the opposing party to unfair surprise and the risk of ambush) (citation omitted), *rev'd in part on other grounds*, 193 F.3d 613 (3d Cir. 1999). *See also Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 Fed. Appx. 96, 102 (10th Cir. 2005) (noting that a "preliminary" expert report

---

[2]Rule 37(a)(4) recognizes that an evasive or incomplete disclosure "must be treated as a failure to disclose."

4

does not comply with Rule 26(a)(2), which requires a "complete statement of all opinions to be expressed and the basis and reasons therefor").[3]

Rule 26(b)(4) states that "a party may depose any person who has been identified as an expert whose opinions may be presented at trial." In the case of a retained expert, that deposition may be conducted only after a written report is provided pursuant to Rule 26(a)(2)(B). However, Rule 26 also acknowledges the court's authority to alter the limits or manner of conducting discovery. *See In re GlenFed, Inc. Securities Litigation*, 42 F.3d. 1541, 1557 (9th Cir. 1994) ("[d]istrict judges have broad discretion and a range of tools that allow them to control the extent and timing of discovery"); *Williams v. Monarch Machine Tool Co., Inc.*, 26 F.3d 228, 230 (1st Cir. 1994) (acknowledging "the broad discretion of trial judges to manage scheduling,

---

[3]Admittedly, "an expert's initial Rule 26 report cannot always anticipate every possible challenge to the report." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004), *cert. denied*, 543 U.S. 917 (2004). A plain reading of Fed.R.Civ.P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective information that was not available at the time of the expert's original report. *See Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D. D.C. 2005) (Rule 26(e)(1) permits supplemental reports only for the narrow purpose for correcting inaccuracies or adding information that was not available at the time of the initial report).

> Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. It does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation.

*Akeva, LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). The Rule 26(e)(1) duty to supplement cannot be transformed into a tool for obfuscation. *Cf. Tenbarge v. Ames Taping Tool Systems, Inc.*, 190 F.3d 862, 865 (8th Cir. 1999) (noting that "discovery of expert opinion must not be allowed to degenerate into a game of evasion").

5

discovery and sanctions"); *Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) (noting that judges "have vast discretion in supervising discovery"). For example, the court, on its own initiative, may enter appropriate orders limiting the extent of discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed.R.Civ.P. 26(b)(2)(C)(i).[4]

The Advisory Committee Notes to the 1993 Amendments to Rule 26(a)(2) suggest that a comprehensive expert report may result in an abbreviated expert deposition "and in many cases . . . may eliminate the need for a deposition." *Cf. Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998) ("The [expert] report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.").

At this juncture, the court is not precluding the possibility of expert depositions, to be scheduled as necessary and at the appropriate time. In the absence of a showing of good cause, however, I am not prepared to presume that expert depositions are necessary prior to the filing of dispositive motions or motions under Fed. R. Evid. 702. Ordinarily, a summary judgment motion does not provide an appropriate vehicle for resolving conflicting expert opinions. *Cf. Abilene Retail No. 30, Inc. v. Board of Commissioners*, 492 F.3d 1164, 1184 (10th Cir.) (concluding that a trial is required where the parties present a "battle of the experts" at the

---

[4]Rule 26, like all the Federal Rules of Civil Procedure, must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed.R.Civ.P. 1.

6

summary judgment stage of the litigation), *reh'g. and reh'g. en banc denied* 508 F.3d 958 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1762 (2008); *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005) ("competing expert opinions present the 'classic battle of the experts' and it [is] up to a jury to evaluate what weight and credibility each expert opinion deserves").

I am also not convinced that expert depositions are a necessary prerequisite for a motion under Rule 702. Judge Krieger's Procedures for Rule 702 Motions make clear that

> The four objections contemplated by Rule 702 are: (i) the expert lacks sufficient qualifications (*i.e.*, skill, training, knowledge, or expertise); (ii) the expert did not obtain sufficient facts or data (note that Rule 702 speaks only of "sufficient facts and data," not the reliability of the facts or data relied upon; in other words the test is quantitative, not qualitative); (iii) the expert did not use reliable principles or methodologies; and (iv) the expert did not reliably apply the principles or methodology to the facts and data obtained. Objections as to "relevance" of the opinion will not be considered with regard to Rule 702, nor will disputes as to the weight that should be given to an opinion. Rule 702 determines the foundational requirements for an expert opinion to be admitted. So long as the opinion satisfies the rule's requirements, the foundation is laid.

A careful reading of Judge Krieger's Practice Standards would lead to the conclusion that challenges to the weight or persuasiveness of an expert's opinions or other evidentiary objections to an expert's opinions should not be raised in the context of a Rule 702 motion. *See also United States v. Crabbe*, 2007 WL 1704138 (D. Colo. 2007) (Krieger, J.) (noting that a Rule 702 hearing concerns expert opinions, and "is not intended to address the weight or persuasiveness of a proffered opinion, nor the accuracy of facts or assumptions upon which an opinion is based . . . . [T]he 702 Hearing is *not* intended to address general grounds for exclusion of evidence such as lack of relevance, failure to timely disclose, etc").

DATED this 15th day of October, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge