IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00480-MSK-CBS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT S. WOODRUFF,

    Defendant.

---

**ORDER APPOINTING DISTRIBUTION AGENT FOR DISTRIBUTION FUND**

---

The Court having reviewed the Securities and Exchange Commission's motion to appoint Gilardi & Co. as Distribution Agent **(#935)** and for good cause shown,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**:

1.    Gilardi & Co. is hereby appointed as Distribution Agent with respect to the funds that are held in the Court's Registry and that are to be distributed (the "Distribution Fund") in this matter.

2.    The Distribution Agent shall not be required to post a bond because:

(a)    The Distribution Fund will be held by the Court's Registry until transfer to a bank/financial institution immediately before transmittal of checks or electronic transfers to eligible investors;

(b)    Upon transfer from the Court's Registry, funds will be held in an escrow account pursuant to an escrow agreement acceptable to the Commission, separate from bank assets, until presented checks or electronic transfers are approved for payment, at which

time funds will be transferred to a distribution account;

(c) Presented checks or electronic transfers will be subject to controls as set forth in the escrow agreement before being honored by the bank; and

(d) Both the bank and the Distribution Agent will maintain, throughout the process, insurance and/or a financial institution bond that covers errors and omissions, misfeasance, and fraud.

3. Gilardi & Co. is hereby ordered to: develop a proposed Distribution Plan acceptable to the Commission which must be approved by the Court; implement the Court approved Distribution Plan; oversee the administration of the Distribution Fund; prepare accountings; cooperate with the Court-appointed Tax Administrator in providing the information necessary to accomplish tax compliance; and maintain accurate records concerning the Distribution Fund.

4. The Distribution Agent shall act in a cost-effective manner and will be entitled to compensation for services and of the reasonable costs, fees, and other expenses incurred in the performance of its duties and reimbursement from the funds to be distributed, provided however that all such reimbursement and compensation requests must be approved by the Court before payment from the Distribution Fund may be made.

5. At the conclusion of each month, the Distribution Agent may apply for compensation for the fees and reimbursement of expenses incurred during the month. At least fifteen days before submitting a request for payment to the Court, the Distribution Agent shall provide the staff of the Commission with a copy of its compensation and reimbursement request, which shall include supporting documentation to justify the services rendered or expenses incurred, and the detail of the requested payment on a form to be provided by Commission staff.

Documentation for services shall include: (a) the date of service; (b) the name or initials of the individual rendering the service; (c) a description of the service; (d) the hourly rate; (e) the time charged; and (f) the amount due for that service. The description of the service should be brief and informative. Expenses shall be supported by invoices.

6. Within twenty (20) days after the end of each calendar quarter, the Distribution Agent shall provide the Commission with an accounting of all assets of the distribution fund, in a format to be provided by the staff of the Commission. Such an accounting shall inform the Commission of the activities and status of the fund during the reporting period, and shall specify, at a minimum, the location of the account(s) comprising the fund, the value of those account(s), all monies earned or received into the account(s), monies distributed to claimants under the Distribution Plan, and any monies expended to satisfy fees, costs, taxes and other expenses incurred in the drafting and implementation of the Distribution Plan.

7. The Distribution Agent is entitled to rely on all outstanding rules of law and Court Orders.

8. The Court shall retain exclusive jurisdiction over all claims arising in connection with the Distribution Plan, including, but not limited to, claims against the Distribution Agent asserting liability for violation of any duty imposed by the Distribution Plan or other Court Order.

9. The Distribution Agent may be removed at any time by the Court, and replaced with a successor. If the Distribution Agent decides to resign, it shall first give written notice to the staff of the Commission and the Court of such intention, and such resignation shall not be effective until the Court has appointed a successor. The Distribution Agent shall then follow such instructions as such successor or the Court gives it in turning over management of the

distribution fund, together with such records maintained by the Distribution Agent in connection with its duties hereunder and other information with respect to the Distribution Fund monies and property as such successor may reasonably request. The Distribution Agent shall within thirty (30) days of the notice of resignation or removal, file with the Court a report of the status of the distribution and provide a full accounting in accordance with Paragraph 6 above.

DATED this 3rd day of August, 2012.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge